UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------x

JESSE SKIFF, on behalf of himself and all
others similarly situated,

                    Plaintiff

                                              **CLASS
                                              ACTION COMPLAINT
                                              AND DEMAND FOR
              -against-                       JURY TRIAL**

NCO FINANCIAL SYSTEMS, INC. and JOHN
AND JANE DOES NUMBERS 1 THROUGH 25,
SAID PERSONS BEING NAMED HEREIN AS THE
PERSONS WHO ALSO CONTROL THE POLICIES
AND PRACTICES INVOKED BY NCO FINANCIAL
SYSTEMS, INC.,

                    Defendants

-------------------------------------------x


                I. Preliminary Statement


    1. Plaintiff, JESSE SKIFF, on his own behalf and on behalf of
the class he seeks to represent, brings this action for illegal
practices of the above-named Defendants who used false, deceptive
and misleading practices in conjunction with attempts to collect
alleged debts. Plaintiff alleges that the Defendants have violated
the Fair Debt Collection Practices Act, 15 U.S.C. sec. 1692 et.
seq. (FDCPA). Plaintiff seeks statutory damages for himself and the
class of persons defined herein, costs and attorneys fees.

## II. Jurisdiction

2. Jurisdiction of this Court arises under 15 U.S.C.A. sec. 1692k and 28 U.S.C. sec. 1331. Venue in this District is appropriate because pertinent events took place here.

## III. Parties

3. Plaintiff Jesse Skiff is a natural person who at all times relevant to this complaint resided in Franklin County, New York.

4. Defendant NCO Financial Systems, Inc. (hereinafter referred to as "Defendant NCO") is a Delaware corporation registered with the New York Secretary of State to do business within the State of New York. The Defendant NCO maintains a principal place of business located in Horsham, Pennsylvania. The Defendant NCO is engaged in the business of collecting debts. The Defendant NCO collects alleged debts which are allegedly in default and which were originally incurred, and alleged to be incurred, for personal, family and/or household purposes. Based upon said debt collection activity the Defendant NCO is a "debt collector" as said term is defined in the FDCPA.

5. The Defendants, JOHN and JANE DOES 1 through 25, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff at this time. When said true names and capacities are ascertained, Plaintiff will move to further amend

this complaint by inserting same.

6. Plaintiff has information and belief and thereon allege that Defendants, JOHN and JANE DOES 1 through 25, are natural persons and/or business entities. Said DOE Defendants personally created, instituted, and with knowledge such practices were contrary to law, acted consistent with and oversaw policies and procedures used by employees of the Defendant NCO wherein said employees engaged in the unlawful conduct set forth below. Said DOE Defendants personally control the illegal acts, policies, and practices utilized by the Defendant NCO and are, therefore, personally liable for all of the FDCPA violations alleged hereinafter.

## IV. Facts Related To The Named Plaintiff

7. The Plaintiff incurred a personal debt to Time Warner Cable.

8. At a time unknown to the Plaintiff said defaulted personal debt was referred to the Defendant NCO for collection purposes.

9. In the attempt to collect the subject defaulted debt, the Defendant NCO sent a collection communication dated Mar 7, 2009 to the Plaintiff. A copy of said collection communication is attached hereto as Exhibit "A".

10. The subject collection communication states (in part) "A credit reporting agency also shows that an inquiry has been made on your credit report.".

11. The statement concerning a credit inquiry, as reiterated in paragraph 10 heretofore herein, is set forth solely as a false, deceptive and misleading statement in that said statement is intended to convey an impression to the least sophisticated consumer that Time Warner has a policy of reporting delinquent accounts to the various credit reporting agencies when, in fact, Time Warner does not report any delinquent debts to any credit reporting agency(ies).

12. The statement concerning a credit inquiry falsely implies to the consumer that his credit will remain adversely effected, via the entry and inclusion of the Time Warner debt, until he contacted the Defendant NCO and paid the Time Warner claim.

13. The Defendant NCO was not authorized by Time Warner to refer to credit issues or to implicitly threaten consumers with adverse credit reporting or to report the subject Time Warner debt to any credit reporting agency(ies).

14. The subject collection communication directs the consumer to a website maintained and operated by the Defendant NCO.

15. By directing consumers to the website maintained and

operated by the Defendant NCO, the statements and representations contained on the website maintained and operated by the Defendant NCO are incorporated by reference in the subject collection communication as if same were set forth at length therein. Many of the statements contained on the subject website are false, deceptive and misleading in violation of the FDCPA.

16. The subject website contains the statement "NCO SHALL NOT BE LIABLE FOR ANY ERRORS". This statement is false, deceptive and misleading. The FDCPA is a strict liability statute and unintentional errors contained in any communication may constitute an FDCPA violation.

17. The subject website contains the statement "NCO SHALL NOT BE LIABLE FOR ANY DAMAGES". This statement is false, deceptive and misleading. A debt collector may not unilaterally disclaim liability under the FDCPA.

18. The subject website states that, by viewing the website, the consumer is consenting to the State of Pennsylvania being the venue of exclusive jurisdiction in regard to any claims which may be advanced by the consumer. However, venue for FDCPA claims is also proper in the jurisdiction in which the consumer resides.

19. The subject website advises the consumer that, by "viewing" the website, the consumer agrees to be bound by the terms and conditions set forth therein. This statement is false,

deceptive and misleading as the consumer does not waive his FDCPA rights by viewing the subject website and the Defendant NCO has no authority or power to deprive consumers of their FDCPA rights.

## Policies and Practices Complained Of

20. It is the policy and practice of the Defendant NCO to send collection communications which contain false, deceptive and misleading statements which imply that debts allegedly owed to Time Warner have been reported to one of the major credit reporting agencies.

21. It is the policy and practice of the Defendant NCO to send collection communications which refer consumers to a website maintained and operated by the Defendant NCO which contain statements which are false, deceptive and misleading.

## VI. Class Allegations

22. This action is brought on behalf of a class of persons with addresses in the State of New York who  were indebted or alleged to be indebted to Time Warner, and who received a debt collection letter from the Defendant NCO similar in form to the collection letter which was sent to the Plaintiff named herein and otherwise attached hereto as Exhibit "A".

23. The class period encompasses one year prior to the filing
of the complaint in this action through the time an order of final
class certification is obtained.

24. Plaintiffs allege on information and belief that the
class is so numerous that joinder of all members of the class is
impractical.

25. There are questions of law and fact common to each
class, which common issues predominate over any issues involving
only individual members of each class. The principal issues are
whether the Defendants named herein violated the FDCPA by using
false, deceptive and misleading debt collection means.

26. The Plaintiff's claims are typical of those of the
members of the class defined herein. All are based on the same
facts and legal theories. Therefore, the same course of violative
conduct and legal theories are involved herein.

27. The Plaintiff will fairly and adequately protect the
interests of the class defined herein. He has retained counsel
experienced in handling actions involving unlawful practices under
the FDCPA and class actions. Neither Plaintiff nor his counsel have
any interests which might cause them not to vigorously pursue the
herein action.

28. Certification of the class under Fed. R. Civ. P. 23(b)

(3) is appropriate in that the questions of law and fact common to the class defined herein predominate over any questions affecting only individual members of the class and a class action is superior to other methods for the fair and efficient adjudication of the herein controversy.

## VII.    Class Claims for Relief

29. The Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

a. The Defendants violated 15 U.S.C. sec. 1692e by using false, deceptive and misleading representations in an attempt to collect alleged debts.

b. The Defendants violated 15 U.S.C. sec. 1692f by using unfair practices in an attempt to collect alleged debts.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and in favor of the class for:

A. Certification of the class pursuant to Rule 23(b)(3).

B. Statutory damages for the Plaintiff pursuant to 15 U.S.C.A. sec. 1692k.

C. Statutory damages for the members of the class pursuant to 15 U.S.C. sec. 1692k.

D. Attorney's fees, litigation expenses and costs pursuant to 15 U.S.C.A. sec. 1692k.

E. Such other and further relief as may be just and proper.

Dated: Haines Falls, New York
       April 10, 2009

ROBERT L. ARLEO, ESQ.
(RA 7506)
Attorney for the Plaintiff
164 Sunset Park Road
Haines Falls, New York 12436
(518) 589-5264

## DEMAND FOR JURY TRIAL

Please take notice that the Plaintiff demands trial by jury in this action.

_____

Attorney for the Plaintiff

# EXHIBIT "A"

PO BOX 4906
DEPT 09
Trenton, NJ 08650

# NCO FINANCIAL SYSTEMS,INC.

507 Prudential Road, Horsham, PA 19044

> 1-800-477-1827
> OFFICE HOURS:
> 8AM-9PM MON THRU THURSDAY
> 8AM-5PM FRIDAY
> 8AM-12PM SATURDAY
> Mar  7, 2009

Calls to or from this company may
be monitored or recorded for quality assurance.

LY1405                    10322-54
JESSE SKISS
XXXXXXXXXXXXXXXXXXXXX
TUPPER LAKE NY   12986-1917

| Creditor | Account # | Amt Owed |
|----------|-----------|----------|
| TIME WARNER CABLE OF CENT | 1047518-02 | 102.80 |

We have previously notified you about the above referenced account which remains unpaid.  A credit reporting agency also shows that an inquiry has been made on your credit report.  Please forward payment or contact us.

To assure proper credit, please return the bottom portion of this letter with your payment. Mail payment to the address listed below.

You may also make payment by visiting us online at www.ncofinancial.com. Your unique registration code is CLY14050-93XJX2.  To receive future notices for the account(s) by e-mail, visit www.ncofinancial.com for details.

To discuss this account, please call 1-800-477-1827.

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  This is a communication from a debt collector.

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

THIS COLLECTION AGENCY IS LICENSED BY THE
DEPARTMENT OF CONSUMER AFFAIRS OF THE CITY OF NEW
YORK LICENSE#0907469.

| Account # | Total Balance |
|-----------|---------------|
| LY1405 | $ 102.80 |

JESSE SKISS

Payment Amount

$

Check here if your address or phone number has
changed and provide the new information below.

Make Payment To:

IIIııılıdılıllııllılllılıdlıllılılllllıdlıllllıdlllıdllıl
NCO FINANCIAL SYSTEMS
PO BOX 4935
Trenton NJ 08650-4935

NCO  14
54

010900LY1405300000067000000000000102800